

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF NEW YORK

'09 CIV 7049

Civil Action No. _____

IVELISSE DEL VILLAR,

*Plaintiff,*

-- against --

COLORADO CAPITAL INVESTMENTS, INC.,
DANIELS NORELLI GOLDEN & WEXLER, P.C.,
d/b/a DANIELS & NORELLI, P.C.

*Defendants.*

COMPLAINT AND JURY DEMAND



Plaintiff, Ivelisse Del Villar, by her attorneys at Manhattan Legal Services, for her

complaint against Defendants, Colorado Capital Investments, Inc. and Daniels & Norelli

Golden & Wexler, P.C. d/b/a Daniels & Norelli P.C. alleges as follows:

## PRELIMINARY STATEMENT

1.      This is an action to for actual and statutory damages brought by an

individual consumer for violations of the Fair Debt Collection Practices Act ("FDCPA"),

15 U.S.C. 1692, *et seq.,* and the New York Consumer Protection Act ("NYCPA"), N.Y.

General Business Law § 349, *et seq.*   In February 2005, Defendant Colorado Capital

brought a lawsuit in the Civil Court for the City of New York to collect a debt allegedly

owed by Plaintiff to Providian National Bank and assigned to Colorado Capital

Investments.  In 2006, Defendant Colorado Capital Investments sold the debt to another

entity, Colorado Capital Asset Management Corp.  Despite this fact, Defendant Colorado

Capital Investments, by its attorneys Defendant Daniels & Norelli, continued to make

false representations to Plaintiff and the Court over the next two years that Colorado

1

Capital Investments owned and had the right to collect the debt.    Plaintiff also seeks compensatory and punitive damages for Defendants' intentional misrepresentations made in an attorney affirmation and affidavits by its agent under penalty of perjury that Plaintiff owed them a debt.

## JURISDICTION AND VENUE

2.    This Court has jurisdiction pursuant to 15 U.S.C. §1692k(d) and 28 U.S.C. § 1331.

3.    This Court has supplemental jurisdiction over the state NYCPA claim pursuant to 28 U.S.C. § 1367.

4.    Venue in this district is proper under 28 U.S.C. § 1391(b) because the Defendants transact business here and some of the conduct complained of occurred here.

## PARTIES

5.    Plaintiff Ivelisse Del Villar (Hereinafter "Del Villar") is 59 years old and resides at 127 Vermilyea Avenue, Apartment 2, New York, New York in the county of New York.

6.    Plaintiff is a Spanish speaker with a limited ability to speak and understand English.

7.    Defendant Daniels Norelli Golden & Wexler, P.C. (Hereinafter "Daniels & Norelli"), conducts business under the name Daniels & Norelli P.C.

8.    Daniels & Norelli is a law firm located at 900 Merchants Concourse, Suite 400, Westbury, New York 11590.

9.    Daniels & Norelli is a law firm engaged in the business of collecting debts by filing civil collection lawsuits on behalf of its clients, most of whom are debt buyers.

10.    Upon information and belief, based on a search of the New York State Unified Court System electronic database, Daniels & Norelli filed over 3,700 such collection lawsuits in New York state civil courts in 2008 alone.

11.    Daniels & Norelli collects such debts regularly and is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

12.    On its website, Daniels & Norelli prominently states, "This communication is from a debt collector and is an attempt to collect a debt." *See* http://www.danielsnorelli.com/.

13.    Daniels & Norelli is a licensed debt collection agency by the New York City Department of Consumer Affairs, identified by license number 1312885.

14.    Daniels & Norelli transacts business in this district.

15.    Defendant Colorado Capital Investments Inc. (Hereinafter "Colorado Capital") is located at 305 North East Loop 820, Hurst, Texas, 76053.

16.    Colorado Capital is a Texas corporation which is authorized to do business in the State of New York.

17.    Colorado Capital is a debt buyer whose principal purpose is debt collection or who regularly collects the debts of another.

18.    A debt buyer who tries to collect the debt it purchased is a debt collector within the meaning of the FDCPA and relevant case law.

19.    Colorado Capital is a "debt collector" as defined by the FDCPA, 15 U.S.C. § 1692a.

20.    Daniels & Norelli is a licensed debt collection agency by the New York City Department of Consumer Affairs, identified by license number 1093914.

## STATUTORY FRAME WORK

### The Fair Debt Collection Practices Act

21.     Congress enacted the Fair Debt Collection Practices Act (FDCPA) to stop "the use of abusive, deceptive, and unfair debt collection practices by many debt collectors." 15 U.S.C. § 1692(a).

22.     To that end, "a debt collector may not use any false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C. § 1692e.

23.     Prohibited conduct in violation of this section includes, but is not limited to:

a.  "The false representation or implication of the character, amount, or legal status of any debt." 15 U.S.C. § 1692e(2).

b.  "The threat to take any legal action that cannot legally be taken or that is not intended to be taken." 15 U.S.C. § 1692e(5).

c.  "Communicating or threatening to communicate to any person credit information which is known or which should be known to be false." 15 U.S.C. § 1692e(8).

d.  "The use of any false representation or deceptive means to collect or attempt to collect any debt." 15 U.S.C. § 1692e(10).

24.     A debt collector is further prohibited from the "use of unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

25.     An individual may recover $1,000 in statutory damages from a debt collector violating the above provisions of the FDCPA. 15 U.S.C. § 1692k(a)(2)(A).

4

26.    An individual may recover costs in this action.  15 U.S.C. §1692k(a)( 3)

## The New York Consumer Protection Act

27.    New York prohibits "deceptive acts or practices in the conduct of any business, trade or commerce or in the furnishing of any service in this state. . . ." N.Y. Gen. Bus. Law § 349(a).

28.    An individual "injured by reason of any violation of this section may bring an action in his own name to enjoin such unlawful act or practice, an action to recover his actual damages or fifty dollars, whichever is greater, or both such actions." N.Y. Gen. Bus. Law § 349.

29.    The damages award may be increased to an amount not to exceed three times the actual damages up to $1,000 if a court finds the Defendant willfully or knowingly violated this section. N.Y. Gen. Bus. Law § 349(h).

## FACTS RELATED TO THIS ACTION

30.    Colorado Capital filed a Summons and Complaint, Index No. 5894/05, in the Civil Court of the City of New York, New York County, on February 17, 2005 alleging that Del Villar entered a credit card contract with Providian National Bank and owed a balance of $1,544.17 on the contract and $308.83 in attorney's fees.

31.    In the Complaint, Colorado Capital further alleged that Del Villar's account with Providian National Bank was assigned to Colorado Capital and Del Villar was given notice of the assignment.

32.    On August 16, 2005, a default judgment was entered against Del Villar for $1,948.62.

33.     Upon learning of the judgment when a restraint was placed on her bank account, Del Villar filed an Order to Show Cause to vacate the default judgment on August 8, 2006.

34.     The court vacated the Default Judgment and restraining notices on August 23, 2006 and Del Villar interposed a Verified Answer.

35.     On or about November 30, 2006, Colorado Capital, by its attorneys at Daniels & Norelli, made a Motion to Strike Defendants Answer and for Summary Judgment.

36.     In support of the motion, Daniels & Norelli submitted the Affidavit of Jeff Hardin, dated November 30, 2006.

37.     Jeff Hardin swears in Paragraph 5 of this Affidavit, "... by valid assignment Plaintiff, COLORADO CAPITAL INVESTMENTS, INC., as successor in interest, is contractually entitled to collect the amount owed on the Account."

38.     Relying on the sworn affidavit of Jeff Hardin, Daniels & Norelli attorney Sarah B. Sherman Tolchin, Esq. submits an Affirmation, dated November 28, 2006, stating that Colorado Capital is entitled to judgment as matter of law.

39.     However, Colorado Capital had already sold the account at issue and assigned the right to collect to another entity, Colorado Capital Asset Management Corp.

40.     Colorado Capital had knowledge of the assignment and sale of the account at issue in the motion when Jeff Hardin executed this affidavit.

41.     On or about July 16, 2006, Colorado Capital had sold the account at issue to Capital Asset Management Corp. by executing a document entitled "Assignment and Bill of Sale", which was witnessed by Jeff Hardin.

6

42.     Consequently, when Colorado Capital made the motion in November 2006, they no longer had the right to collect the amount owed on the account.

43.     Regardless, Colorado Capital, by its attorneys at Daniels & Norelli proceeded with their motion and never mentioned the sale.

44.     On January 16, 2007, the Court denied Colorado Capital's Motion for Summary Judgment notwithstanding the fact that Plaintiff was not able as a *pro se* litigant to oppose the motion. Defendant Colorado Capital's motion was denied on the ground that their supporting documents and affidavits were insufficient to support a finding of summary judgment.

45.     Manhattan Legal Services entered an appearance on behalf of the Del Villar on April 17, 2007.

46.     At that time, Colorado Capital agreed to permit Del Villar to file an Amended Answer.

47.     However, in two court appearances after that time, neither Colorado Capital nor its attorneys at Daniels & Norelli mentioned that Colorado Capital had sold the underlying debt.

48.     On or about September 5, 2008, Colorado Capital through its attorneys at Daniels & Norelli, P.C. served a second Motion for Summary Judgment and a Motion to Amend the Pleadings.

49.     Colorado Capital's evidentiary support for its second Motion for Summary Judgment was nearly identical to its first.

50.     Colorado Capital's previous 2006 Motion for Summary Judgment is never mentioned in the motion or supporting papers.

7

51.    In support of the motion, Daniels & Norelli submitted an Affirmation of Ira Sitzer, Esq. dated August 22, 2008.

52.    In Paragraph 3 of this Affirmation, Sitzer states "Plaintiff is now the current owner of the Defendant's account and there is a balance due and showing."

53.    However, Colorado Capital and its attorneys, Daniels & Norelli, had knowledge that the account had been sold to another entity.

54.    In Paragraph 14 of this Affirmation, Sitzer states "On July 16, 2006 Colorado Capital Investments, Inc. sold said account to Colorado Capital Asset Management Corp." and "Colorado Capital Asset Management Corp. is currently the holder of the Defendant's account".

55.    Colorado Capital, by its attorneys, attached to the motion papers the aforementioned July 2006 "Assignment and Bill of Sale".

56.    These statements in the September 2008 Motion for Summary Judgment were the first time Colorado Capital or its attorneys at Daniels & Norelli had mentioned the sale of the debt.

57.    Del Villar opposed Defendant's Motion and made a Cross Motion for Summary Judgment.

58.    The Court granted Del Villar's Cross Motion for Summary Judgment and dismissed Colorado Capital's claim in a decision date December 12, 2008.

59.    On or about June 4, 2009, the Court issued an Amended Decision, again granting Del Villar's Cross Motion for Summary Judgment and dismissing Colorado Capital's claim.

## FIRST CAUSE OF ACTION

8

### Violation of Fair Debt Collection Practices Act 1692e

60.     Plaintiff restates and incorporates the allegations of paragraphs 1 through 59 as is fully set forth herein.

61.     The FDCPA prohibits a debt collector from using any "false, deceptive, or misleading representations or means in connection with the collection of any debt." 15 U.S.C § 1692e.

62.     In the Civil Court lawsuit, Index. No. 5894/05, Colorado Capital and its attorneys, Daniels & Norelli, have made false, deceptive and misleading representations regarding Colorado Capital's ownership and right to collect the debt at issue.

63.     The conduct of Colorado Capital and Daniels & Norelli violates 15 U.S.C. § 1692e, including, but not limited to:

       a.  Making false representations and implications of the character, amount, and legal status of the debt in violation of Section 1692e(2);

       b.  Threatening to take legal action that cannot legally be taken in violation of Section 1692e(5);

       c.  Communicating to a person credit information which is known or which should be known to be false in violation of 1692e(8); and/or

       d.  Using false representations and deceptive means to collect and attempt to collect any debt in violation of Section 1692e(10).

64.     As a result of the above violation, Colorado Capital and Daniels & Norelli are liable to Del Villar for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus actual damages and costs.

### SECOND CAUSE OF ACTION

**Violation of Fair Debt Collection Practices Act 1692f**

65.     Plaintiff restates and incorporates the allegations of paragraphs 1 through 64 as is fully set forth herein.

66.     A debt collector is further prohibited under the FDCPA from the "use of unfair or unconscionable means to collect or attempt to collect a debt." 15 U.S.C. § 1692f.

67.     Defendants violated 15 U.S.C. § 1692f when they failed to reveal in the court of the lawsuit to collect the debt that Colorado Capital no longer owned or had the ability to collect.

68.     As a result of the above violation, Colorado Capital and Daniels & Norelli are liable to Del Villar for statutory damages in an amount to be determined at the time of trial but not less than $1,000.00 per violation, plus actual damages and costs.

**THIRD CAUSE OF ACTION**

**Violation of New York Consumer Protection Statute**

69.     Plaintiff restates and incorporates the allegations of paragraphs 1 through 68 as is fully set forth herein.

70.     Defendants have engaged in deceptive consumer-oriented acts and practices by seeking collection of a debt in a civil lawsuit when Plaintiffs no longer had the right to collect that debt.

71.     Defendants' deceptive consumer-oriented acts and practices are misleading to a reasonable consumer in a material way.

72.     Defendants' deceptive consumer-oriented acts and practices have a broad impact on consumers at large and cause injury and harm to the public interest.

73.    In 2008 alone, Defendant Daniels & Norelli filed over 3,700 such collection lawsuits in New York state civil court.

74.    Defendants' acts and practices violate the New York Consumer Protection Act, N.Y. General Business Law § 349, because they constitute deceptive acts and practices in the conduct of business.

## FOURTH CAUSE OF ACTION

### Intentional Misrepresentation

75.    Plaintiff restates and incorporates the allegations of paragraphs 1 through 74 as is fully set forth herein.

76.    On or about July 2006, Defendant Colorado Capitol sold the debt allegedly owed to it by Plaintiff to a separate entity.

77.    Nevertheless, from the time of Defendants' first Motion for Summary Judgment in November 2006, which was denied, to its second Motion for Summary Judgment in September 2008, Defendants represented to the Court that Plaintiff owed a debt to them.

78.    The aforementioned "Assignment and Bill of Sale" submitted by Defendants in their second Motion for Summary Judgment was signed by Jeff Hardin on July 16, 2006.

79.    However, by a sworn affidavit notarized November 30, 2006, Jeff Hardin stated he was "personally familiar with the manner and method by which Plaintiff [Colorado Capital Investments] creates and maintains its books and records ..." and he further affirmed that he had "personally reviewed Plaintiff's business records related to the facts stated in" his affidavit.

11

80.     Further, Jeff Hardin affirmed that Colorado Capital was "contractually entitled to collect the amount owed on the Account."

81.     Given that Jeff Hardin had signed the assignment to a separate entity in July 16, 2006, he knowingly made a false statement to the Court in his sworn affidavit that Colorado Capital was "entitled to collect the amount owed on the Account."

82.     As such, Defendants knew or should have known when they filed their first Motion for Summary Judgment that Del Villar did not owe any debt to them and they had no legal basis to collect the debt.

83.     Defendants knew that Del Villar did not actually owe any debt to them, but made the intentional misrepresentations in their Motion for Summary Judgment to enrich themselves through the collection of a judgment and fees, including attorneys' fees.

84.     Over the next two years, Defendants continued these misrepresentations by failing to disclose that they had sold the debt and the right to collect it, even thought they had two court appearances.

85.     In September 2008, Defendants again made intentional misrepresentations by making a second Motion for Summary Judgment.

86.     Daniels & Norelli attorney Ira Sitzer made a false statement to the Court in his sworn affirmation that "Plaintiff is now the current owner of the Defendant's account and there is a balance due and showing."

87.     Defendants knew that Del Villar did not owe Colorado Capital any debt and they had no legal basis to collect the debt because the July 16, 2006 "Assignment and Bill of Sale" to another entity was attached.

12

88.    Nevertheless, Defendants again made the intentional misrepresentations in the second Motion for Summary Judgment to enrich themselves through the collection of a judgment and fees, including attorneys' fees.

89.    As a result of Defendants' intentional misrepresentations, upon which Plaintiff reasonably relied, Plaintiff suffered damages in an amount to be determined at trial.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff prays that the Court:

(a)    Assume jurisdiction of this action;

(b)    Declare that Defendants' actions violate 15 U.S.C. 1692e and 1692f;

(c)    Enjoin Defendants from committing similar actions in the future;

(d)    Award compensatory and statutory damages pursuant to 15 U.S.C. § 1692k(a) and N.Y. General Business Law § 349(h);

(e)    Award compensatory and punitive damages to Plaintiff in an amount to be determined at trial;

(f)    Award costs to the Plaintiff; and,

(g)    Award such other and further relief as may be just and proper.

Dated:  August 10, 2009                    Respectfully submitted,

MANHATTAN LEGAL SERVICES
By:    Elizabeth Gamble (EG 9107)
       Chaumtoli Huq (CH 2566)
55 West 125th Street, 10th Floor
New York, New York 10027
(646) 442-3168
egamble@mls.ls-nyc.org